UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| IRON COUNTY HOSPITAL DISTRICT, | ) | Case No. 18-10111 |
| | ) | |
| Debtor. | ) | Chapter 9 proceedings |

**MOTION TO REOPEN**

Iron County Hospital District, the Chapter 9 Debtor in this case, states the following for its Motion to Reopen the above-captioned Chapter 9 proceeding for the purpose of approving a disbursing agent agreement as required by the Fourth Amended Plan of Adjustment (the "Plan") dated January 6, 2020:

1. On March 3, 2020, this Court confirmed the Debtor's Fourth Amended Plan of Adjustment dated January 6, 2020.

2. The Plan requires Debtor to pay certain sums to Erica Koetting as Disbursing Agent, to be distributed to allowed unsecured claimants as detailed in the Plan. Paragraph 5.7 of the Plan provides for the Disbursement Agent's compensation and also says that the arrangement shall be governed by a "Disbursing Agent Agreement approved by the Bankruptcy Court."

3. On April 29, 2020, this Court entered its Order Granting Debtor's Motion for Order Closing Chapter 9 Case.

4. While the Plan provides for the terms of the Disbursement Agent's employment, the Plan also provides that the Court will approve a Disbursing Agent Agreement, which was not completed prior to Court's Order Granting Motion for Order Closing Chapter 9 Case.

5. Debtor respectfully requests the Court reopen the matter for the purpose of approving

1

the proposed Disbursement Agent Agreement, which is marked Exhibit 1 attached to this Motion and incorporated herein by reference.

WHEREFORE, Debtor respectfully requests the Court reopen the above-captioned Chapter 9 proceeding for the purpose of approving the proposed Disbursement Agent Agreement, consistent with the terms of the Plan, and for such other relief as the Court deems proper.

Respectfully submitted,

Date executed:

February 26, 2024

O'LOUGHLIN & KOETTING LAW, LLC

_____
Erica D. Koetting – U.S. District Court Bar #51908MO
Attorneys at Law
1736 N. Kingshighway
Cape Girardeau, MO 63701
Telephone: 573/334-9104
Facsimile: 573/334-5256
ericak@oloughlinlawfirm.com

and

Daniel D. Doyle 36724M0
Scott A. Pummell 66164M0
Frederike K. Winslow 69831M0
Lashly & Baer, P.C.
714 Locust Street
St. Louis, MO 63101
(314) 621-2939/(314) 621-6844 (Facsimile)
ddoyle@lashlybaer.com
spummell@lashlybaer.com
fwinslow@lashlybaer.com

**Attorneys for Debtor**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on February 27, 2024 with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to the party listed below on February 27, 2024:

Iron County Hospital District
P.O. Box 548
Pilot Knob, MO 63663

Respectfully submitted,

Date executed:

February 27, 2024

O'LOUGHLIN & KOETTING LAW, LLC

_____
Erica D. Koetting – U.S. District Court Bar #51908MO
Attorneys at Law
1736 N. Kingshighway
Cape Girardeau, MO  63701
Telephone:  573/334-9104
Facsimile:  573/334-5256
ericak@oloughlinlawfirm.com

## DISBURSING AGENT AGREEMENT

This Disbursing Agent Agreement ("Agreement"), dated this __ day of February, 2024 is made and entered into by and among Erica D. Koetting, (the "Disbursing Agent") and Iron County Hospital District, doing business as Iron County Medical Center (the "Hospital" or "Debtor"), for the purpose of making certain Distributions required by the *Fourth Amended Plan of Reorganization for the Debtor under Chapter 9 of the Bankruptcy Code* dated January 6, 2020 (as the same may be amended, modified or supplemented from time to time, the "Plan").

**NOW, THEREFORE,** in consideration of the agreements herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

### I. ENGAGEMENT, ASSIGNMENT OF CLAIMS AND DISTRIBUTIONS

**Section 1.1 Engagement of the Disbursing Agent.** The Debtor hereby engages and appoints the Disbursing Agent as the disbursing agent under the Plan, subject to Court approval, to make the distributions and otherwise perform the other tasks described in this Agreement and the Plan. The Disbursing Agent does hereby accept the appointment to serve as disbursing agent, pursuant to the terms of this Agreement and the Plan.

**Section 1.2 Claims List.** Debtor filed its Second Amended List of Creditors on May 17, 2019 (the "Claims List"). The Disbursing Agent shall be entitled to rely upon the Claims List, and any subsequent amendments, as the definitive list of Allowed Claims in making the cash distributions without any obligation to make any independent investigation as to the accuracy or reliability of such Claims List.

**Section 1.3 Establishment of an Escrow Account.** The Disbursing Agent will promptly, upon receiving notice that the Debtor will distribute cash to Disbursing Agent, cause to be opened a segregated escrow account, which escrow account shall be entitled Iron County Hospital District Disbursement Account (the "Escrow Account") for the purpose of holding in escrow the cash distributions by Debtor in accordance with the Plan and the terms and conditions of this Agreement.

**Section 1.4 Consideration.** The Debtor shall pay to the Disbursing Agent certain revenues (the "Consideration") in accordance with the Plan, specifically, Paragraphs 3.6 and 5.5.

**Section 1.5 Distributions to Holders.** The Disbursing Agent shall make the distributions to Class 4, Allowed General Unsecured Creditors at such times as she may determine in her reasonable discretion, after deducting her reasonable fees and expenses from the Consideration.

**Section 1.6 De Minimis Distributions.** The Disbursing Agent shall not be required to make any cash payment less than fifty dollars ($50.00) to any creditor.

1


EXHIBIT 1

**Section 1.7 Unclaimed Property**. Disbursement Agent shall make distributions to holders of Allowed General Unsecured Claims tendered to the holder at such address set forth in the claims list filed by Debtor, unless superseded in a notice provided to:

Iron County Medical Center
Bruce Harrison, M.D., CEO
P.O. Box 548
Pilot Knob, Missouri 63663
Email: bruce.harrison@icmedcenter.org

With copies to:

Daniel D. Doyle
Attorney for ICMC
Lashly & Baer, P.C.
714 Locust Street
St. Louis, MO 63101

and

Erica Koetting
Disbursing Agent
O'Loughlin & Koetting Law, LLC
1736 North Kingshighway
Cape Girardeau, MO 63701

If any distribution remains unclaimed for six (6) months after delivery (or after delivery was attempted) it shall be forfeited by such Creditor and will become available for distribution to other Creditors up to the maximum payment amount provided under the Plan but should the maximum payment to any individual General Unsecured Creditor be met, then for disbursement to the United States Department of Agriculture.

## II. CONDITIONS AND COMPENSATION

**Section 2.1 Compensation**. As consideration for performing the duties enumerated hereunder, the Disbursing Agent will be paid on an hourly basis at the rate of $225.00 per hour. The Disbursing Agent will also be reimbursed for reasonable costs and expenses incurred in connection with her duties hereunder. All such fees, costs and expenses, shall be paid by the Debtor. Disbursing Agent shall keep accurate time and expense records and provide those invoices to Debtor monthly.

## III. LIABILITY

**Section 3.1 Limitation of Responsibility; Liability for Actions or Omissions**. No provision of this Agreement shall require the Disbursing Agent to expend or risk her own funds or otherwise incur any financial liability in the performance of any of her duties hereunder.

2

Section 3.2 **Independence of the Disbursing Agent**. The parties hereby acknowledge that the Disbursing Agent shall not serve as a fiduciary nor have any fiduciary obligations or duties under this Agreement and that the Disbursing Agent shall only have such duties and obligations as are specifically set forth in this Agreement.

Section 3.3 **Indemnification**. The Debtor hereby agrees to indemnify the Disbursing Agent solely with respect to the actions contemplated by this Agreement from and against all liabilities that may be imposed on, incurred by or asserted against the Disbursing Agent in any matter relating to or arising out of this Agreement and any action taken or omitted to be taken by the Disbursing Agent with respect to this Agreement; provided, however, that Debtor shall not be liable to a Disbursing Agent to the extent such liability has resulted from the negligence, willful misconduct or fraud of such Disbursing Agent.

Section 3.4 **Inconsistent Claims**. In the event that the Disbursing Agent should be confronted with inconsistent claims or demands as to any payment, the Disbursing Agent may refuse to comply with any such conflicting claims or demands. The Disbursing Agent shall be entitled to refrain and refuse to act until the rights of the adverse claimants have been determined by written settlement or a court of competent jurisdiction.

The Disbursing Agent shall have the right to interplead said parties in any appropriate court and deposit the property, if any, which is the subject of that dispute with said court and request that the court determine the rights of the parties with respect to this Agreement.

Section 3.5 **No Bond**. The Disbursing Agent need not post any bond.

IV. **GENERAL**

Section 4.1 **Amendments**. No amendment, modification, or waiver of any of the provisions of this Agreement shall be effective unless in writing and signed by the party or parties affected thereby.

Section 4.2 **Assignment**. The Disbursing Agent may not assign its benefits or delegate its duties without the written approval of the Debtor and authorization of the Bankruptcy Court.

Section 4.3 **Resignation; Removal**. The Disbursing Agent may resign or be removed without cause by all the parties hereto at any time by giving written notice to the other party. Such resignation or removal shall be effective thirty (30) days after giving such notice, at which time the Disbursing Agent shall deliver to her successor, the Consideration then in her possession, less any fees and expenses due Disbursing Agent.

Section 4.4 **Counterparts**. This Agreement may be executed in any number of counterparts and/or by a signature transmitted by facsimile or PDF. Each counterpart shall be deemed to be an original agreement, but all counterparts shall constitute one and the same agreement.

**Section 4.5 Entire Agreement.** This Agreement, together with the Plan, constitutes the entire agreement and understanding between the parties hereto and supersedes all prior agreements and understandings, both written and oral, with respect to the subject matter of this Agreement.

**Section 4.6 Governing Law.** This Agreement shall be construed and interpreted according to the laws of the state of Missouri and the Bankruptcy Code. To the extent this Agreement is inconsistent with the Confirmation Order or Plan those instruments shall govern and the provisions of this Agreement shall (without need for formal amendment or supplement) be subject thereto.

**Section 4.7 Notices.** All notices or other communications required or permitted to be given hereunder shall be in writing addressed to a party at its address set forth in Section 1.7 of this Agreement.

**Section 4.8 Severability.** Any provision of this Agreement that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability (but shall be construed and given effect to the extent possible), without invalidating the remaining provisions thereof or affecting the validity or enforceability of such provisions in any other jurisdiction.

**IN WITNESS WHEREOF,** the parties hereto have executed and delivered this Agreement as of the date first above written.

**DEBTOR**

Iron County Hospital District d/b/a
Iron County Medical Center

By: _____
Bruce Harrison (Feb 24, 2024 17:29 CST)
Dr. Bruce Harrison, M.D., CEO

**DISBURSING AGENT**

_____
Erica D. Koetting

4